SO ORDERED.

Dated: May 7, 2012

*Charles G. Case, II*

**Charles G. Case, II, Bankruptcy Judge**

**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtors and Debtors in Possession Kenneth and Yael Mesa
By: Kelly G. Black, No. 016376

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 2:10-bk-36126-CGC; Chapter 11 |
| Kenneth Mesa and Yael Mesa, | Stipulated Order Valuing and Determining Plan Treatment for Classes 6, 9, 12, 15, 17, 23, 24, 26, 41 and 42 |
| Debtors. | |
| | Assigned to: Honorable Charles G. Case, II |

Kenneth Mesa and Yael Mesa ("Debtors"), previously entered into a Stipulation (Doc 174) with the holders of all claims in Classes 6, 9, 12, 15, 17, 23, 24, 26, 41 and 42 ("Secured Creditors"), valuing the claims and providing for treatment;

The Stipulation (Doc 174) and the Court's Order (Doc 183) confirming the Debtors' Plan of Reorganization (Doc 61) both contained language for each class providing for "a later stipulation or stipulated order" determining "the precise payment amounts";

The parties to the Stipulation have determined the payment amounts and agreed to provisions hereof,

IT IS THEREFORE ORDERED that the valuation and treatment of Classes 6, 9, 12, 15, 17, 23, 24, 26, 41 and 42 under the Plan is as set forth in the attachments hereto.

SIGNED AND DATED ABOVE.

JACKSON WHITE, P.C.

Attorneys for Debtors and Debtors in Possession
By: Kelly G. Black, No. 016376

MILES, BAUER, BERGSTROM & WINTERS, LLP

Attorneys for Secured Creditors
By: Jeremy T. Bergstrom, No. 019399

Page 1

## Valuation of Claims and Determination of Plan Treatment

**Class 6.**   The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-33CB Mortgage Pass-Through Certificate, Series 2005-33CB (BAC Home Loans Servicing, LP), Proof of Claim 29, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 1480 E. Tremaine Avenue, Gilbert, Arizona, and more fully described as follows:

> Lot 26, STONECREEK 4, according to Book 318 of Maps, Page 18, Records of Maricopa County, Arizona.
>
> APN:  309-01-361,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 15, 2005 at 2005-0314712, with an assignment recorded on May 26, 2010 at 2010-0446100. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

*Allowance of Claim.* This claim is allowed as a secured claim in the amount of $128,342.31. A post-petition escrow deficiency of $1,262.89 shall also be secured by the lien against this property.  The deficiency shall be paid [within 12 months of the Effective Date].

*Interest.*  Interest at the fixed rate of 3.75% per annum shall accrue on the unpaid balance of the allowed secured claim from [the effective date of the Plan] until the allowed secured claim is paid in full.

*Payment Schedule.*  For the first ten years, beginning on [the effective date of the Plan], Debtors shall make interest-only monthly payments plus a pro-rata share toward principal each month as set forth in the Plan, yielding a total monthly payment of $421.34.  For the following twenty years, Debtors shall make fully amortized monthly payments in the amount of $743.46. All payments shall be applied first to interest, then to principal.

*Tax and Insurance.*  Debtors shall pay taxes and pay and maintain insurance directly, unless otherwise agreed post-confirmation.

*Lien.*  Until payments are completed under the Plan as to this class, the pre-petition lien for this class shall be retained.  Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.*  A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment.*  Debtor will have the right to prepay this secured claim without penalty at any time.

*Cure.* The Plan provides that any default of the Debtors is deemed cured or waived by confirmation of the Plan. Accordingly, the Notice of Trustee's Sale recorded in the Maricopa County Recorder's Office on May 26, 2010 at 2010-0446102 is of no further effect, and was in any event released on November 18, 2011 at 2011-0957521.

### Valuation of Claims and Determination of Plan Treatment

**Class 9.** The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-29CB Mortgage Pass-Through Certificate, Series 2005-29CB (BAC Home Loans Servicing, LP), Proof of Claim 25, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 2751 E. Terrace Avenue, Gilbert, Arizona, and more fully described as follows:

> Lot 29, BASELINE/TONE, according to Book 453 of Maps, Page 6, and replatted in Book 480 of Maps, Page 28, records of Maricopa County, Arizona.
>
> APN: 304-08-546,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 15, 2005 at 2005-0315802, with an assignment recorded on May 27, 2010 at 2010-0448208. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

*Allowance of Claim.* This claim is allowed as a secured claim in the amount of $109,264.90. A post-petition escrow deficiency of $1,205.90 shall also be secured by the lien against this property. The deficiency shall be paid [within 12 months of the Effective Date].

*Interest.* Interest at the fixed rate of 3.75% per annum shall accrue on the unpaid balance of the allowed secured claim from [the effective date of the Plan] until the allowed secured claim is paid in full.

*Payment Schedule.* For the first ten years, beginning on [the effective date of the Plan], Debtors shall make interest-only monthly payments plus a pro-rata share toward principal each month as set forth in the Plan, yielding a total monthly payment of $358.71. For the following twenty years, Debtors shall make fully amortized monthly payments in the amount of $632.95. All payments shall be applied first to interest, then to principal.

*Tax and Insurance.* Debtors shall pay taxes and pay and maintain insurance directly, unless otherwise agreed post-confirmation.

*Lien.* Until payments are completed under the Plan as to this class, the pre-petition lien for this class shall be retained. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

*Cure.* The Plan provides that any default of the Debtors is deemed cured or waived by confirmation of the Plan. Accordingly, the Notice of Trustee's Sale recorded in the Maricopa County Recorder's Office on May 27, 2010 at 2010-0448210 is of no further effect.

## Valuation of Claims and Determination of Plan Treatment

**Class 12.** The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-28CB Mortgage Pass-Through Certificate, Series 2005-28CB (BAC Home Loans Servicing, LP), Proof of Claim 13, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 2761 E. Terrace Avenue, Gilbert, Arizona, and more fully described as follows:

> Lot 28, BASELINE/TONE REPLAT, according to Book 318 of Maps, Page 18, Records of Maricopa County, Arizona.
>
> APN: 304-08-545,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 15, 2005 at 2005-0316353, with an assignment recorded on May 27, 2010 at 2010-0452455. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

*Allowance of Claim.* This claim is allowed as a secured claim in the amount of $112,488.60. A post-petition escrow deficiency of $1,964.03 shall also be secured by the lien against this property. The deficiency shall be paid [within 12 months of the Effective Date].

*Interest.* Interest at the fixed rate of 3.75% per annum shall accrue on the unpaid balance of the allowed secured claim from [the effective date of the Plan] until the allowed secured claim is paid in full.

*Payment Schedule.* For the first ten years, beginning on [the effective date of the Plan], Debtors shall make interest-only monthly payments plus a pro-rata share toward principal each month as set forth in the Plan, yielding a total monthly payment of $369.29. For the following twenty years, Debtors shall make fully amortized monthly payments in the amount of $651.63. All payments shall be applied first to interest, then to principal.

*Tax and Insurance.* Debtors shall pay taxes and pay and maintain insurance directly, unless otherwise agreed post-confirmation.

*Lien.* Until payments are completed under the Plan as to this class, the pre-petition lien for this class shall be retained. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

*Cure.* The Plan provides that any default of the Debtors is deemed cured or waived by confirmation of the Plan. Accordingly, the Notice of Trustee's Sale recorded in the Maricopa County Recorder's Office on May 27, 2010 at 2010-0452457 is of no further effect, and was in any event released on November 9, 2011 at 2011-093037.

**Valuation of Claims and Determination of Plan Treatment**

**Class 15.** The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-40CB Mortgage Pass-Through Certificate, Series 2005-40CB (BAC Home Loans Servicing, LP), Proof of Claim 28, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 1811 S. 39th Street #30, Mesa, Arizona, and more fully described as follows:

> Lot 30, VISTA VILLAGES UNIT TWO, according to Book 308 of Maps, Page 28, records of Maricopa County, Arizona.
>
> APN: 140-66-553,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 17, 2005 at 2005-0328771, with an assignment recorded on May 26, 2010 at 2010-0446061. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

*Allowance of Claim.* This claim is allowed as a secured claim in the amount of $76,800.00. A post-petition escrow deficiency of $1,297.85 shall also be secured by the lien against this property. The deficiency shall be paid [within 12 months of the Effective Date]. An unsecured claim is allowed in the amount of $17,370.75, to be treated as provided in Class 45.

*Interest.* Interest at the fixed rate of 3.75% per annum shall accrue on the unpaid balance of the allowed secured claim from [the effective date of the Plan] until the allowed secured claim is paid in full.

*Payment Schedule.* For the first ten years, beginning on [the effective date of the Plan], Debtors shall make interest-only monthly payments plus a pro-rata share toward principal each month as set forth in the Plan, yielding a total monthly payment of $252.13. For the following twenty years, Debtors shall make fully amortized monthly payments in the amount of $444.89. All payments shall be applied first to interest, then to principal.

*Tax and Insurance.* Debtors shall pay taxes and pay and maintain insurance directly, unless otherwise agreed post-confirmation.

*Lien.* Until payments are completed under the Plan as to this class, the pre-petition lien for this class shall be retained. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

*Cure.* The Plan provides that any default of the Debtors is deemed cured or waived by confirmation of the Plan. Accordingly, the Notice of Trustee's Sale recorded in the Maricopa County Recorder's Office on May 26, 2010 at 2010-0446063 is of no further effect, and was in any event released on November 18, 2011 at 2011-0957420.

## Valuation of Claims and Determination of Plan Treatment

**Class 17.** The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-33CB Mortgage Pass-Through Certificate, Series 2005-33CB (BAC Home Loans Servicing, LP), Proof of Claim 10, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 645 N. Quartz Street, Gilbert, Arizona, and more fully described as follows:

> Lot 15, STONECREEK III, according to Book 329 of Maps, Page 38, records of Maricopa County, Arizona.
>
> APN: 309-01-188,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 15, 2005 at 2005-0313849, with an assignment recorded on May 26, 2010 at 2010-0446124. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

*Allowance of Claim.* This claim is allowed as a secured claim in the amount of $122,123.50. A post-petition escrow deficiency of $2,192.77 shall also be secured by the lien against this property. The deficiency shall be paid [within 12 months of the Effective Date].

*Interest.* Interest at the fixed rate of 3.75% per annum shall accrue on the unpaid balance of the allowed secured claim from [the effective date of the Plan] until the allowed secured claim is paid in full.

*Payment Schedule.* For the first ten years, beginning on [the effective date of the Plan], Debtors shall make interest-only monthly payments plus a pro-rata share toward principal each month as set forth in the Plan, yielding a total monthly payment of $400.92. For the following twenty years, Debtors shall make fully amortized monthly payments in the amount of $707.44. All payments shall be applied first to interest, then to principal.

*Tax and Insurance.* Debtors shall pay taxes and pay and maintain insurance directly, unless otherwise agreed post-confirmation.

*Lien.* Until payments are completed under the Plan as to this class, the pre-petition lien for this class shall be retained. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

*Cure.* The Plan provides that any default of the Debtors is deemed cured or waived by confirmation of the Plan. Accordingly, the Notice of Trustee's Sale recorded in the Maricopa County Recorder's Office on May 26, 2010 at 2010-0446126 is of no further effect, and was in any event released on December 12, 2011 at 2011-1020545.

## Valuation of Claims and Determination of Plan Treatment

**Class 23.** The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-30CB Mortgage Pass-Through Certificate, Series 2005-30CB (BAC Home Loans Servicing, LP), Proof of Claim 11, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 3871 E. San Remo Avenue, Gilbert, Arizona, and more fully described as follows:

Lot 395, CAROL RAE RANCH, according to Book 395 of Maps, Page 24, and Affidavit of Correction recorded in document No. 950345898, records of Maricopa County, Arizona.

APN: 304-07-437,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 15, 2005 at 2005-0314714, with an assignment recorded on May 26, 2010 at 2010-0446127. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

*Allowance of Claim.* This claim is allowed as a secured claim in the amount of $126,187.50. A post-petition escrow deficiency of $1,885.32 shall also be secured by the lien against this property. The deficiency shall be paid [within 12 months of the Effective Date].

*Interest.* Interest at the fixed rate of 3.75% per annum shall accrue on the unpaid balance of the allowed secured claim from [the effective date of the Plan] until the allowed secured claim is paid in full.

*Payment Schedule.* For the first ten years, beginning on [the effective date of the Plan], Debtors shall make interest-only monthly payments plus a pro-rata share toward principal each month as set forth in the Plan, yielding a total monthly payment of $414.26. For the following twenty years, Debtors shall make fully amortized monthly payments in the amount of $730.98. All payments shall be applied first to interest, then to principal.

*Tax and Insurance.* Debtors shall pay taxes and pay and maintain insurance directly, unless otherwise agreed post-confirmation.

*Lien.* Until payments are completed under the Plan as to this class, the pre-petition lien for this class shall be retained. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

*Cure.* The Plan provides that any default of the Debtors is deemed cured or waived by confirmation of the Plan. Accordingly, the Notice of Trustee's Sale recorded in the Maricopa County Recorder's Office on May 26, 2010 at 2010-0446129 is of no further effect, and was in any event released on December 12, 2011 at 2011-1020515.

## Valuation of Claims and Determination of Plan Treatment

**Class 24.** The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-29CB Mortgage Pass-Through Certificate, Series 2005-29CB (BAC Home Loans Servicing, LP), Proof of Claim 15, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 2618 E. Santa Rosa Drive, Gilbert, Arizona, and more fully described as follows:

> Lot 31, GREENFIELD PARK, according to Book 510 of Maps, Page 48, Records of Maricopa County, Arizona.
>
> APN: 304-08-781,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 15, 2005 at 2005-0315806, with an assignment recorded on May 26, 2010 at 2010-0446389. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

*Allowance of Claim.* This claim is allowed as a secured claim in the amount of $149,000.00. A post-petition escrow deficiency of $2,225.99 shall also be secured by the lien against this property. The deficiency shall be paid [within 12 months of the Effective Date]. An unsecured claim is allowed in the amount of $4,629.30, to be treated as provided in Class 45.

*Interest.* Interest at the fixed rate of 3.75% per annum shall accrue on the unpaid balance of the allowed secured claim from [the effective date of the Plan] until the allowed secured claim is paid in full.

*Payment Schedule.* For the first ten years, beginning on [the effective date of the Plan], Debtors shall make interest-only monthly payments plus a pro-rata share toward principal each month as set forth in the Plan, yielding a total monthly payment of $489.15. For the following twenty years, Debtors shall make fully amortized monthly payments in the amount of $863.13. All payments shall be applied first to interest, then to principal.

*Tax and Insurance.* Debtors shall pay taxes and pay and maintain insurance directly, unless otherwise agreed post-confirmation.

*Lien.* Until payments are completed under the Plan as to this class, the pre-petition lien for this class shall be retained. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

*Cure.* The Plan provides that any default of the Debtors is deemed cured or waived by confirmation of the Plan. Accordingly, the Notice of Trustee's Sale recorded in the Maricopa County Recorder's Office on May 26, 2010 at 2010-0446391 is of no further effect, and was in any event released on May 24, 2011 at 2011-0434555 and 2011-0434707.

**Valuation of Claims and Determination of Plan Treatment**

**Class 26.** The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-33CB Mortgage Pass-Through Certificate, Series 2005-33CB (BAC Home Loans Servicing, LP), Proof of Claim 14 & 30, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 2722 E. Tyson Street, Chandler, Arizona, and more fully described as follows:

> Lot 77, DOBSON PLACE PARCEL 2, according to Book 458 of Maps, Page 1, records of Maricopa County, Arizona.
>
> APN: 301-11-502,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 16, 2005 at 2005-0320315, with an assignment recorded on May 26, 2010 at 2010-0447536. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

*Allowance of Claim.* This claim is allowed as a secured claim in the amount of $112,245.70. A post-petition escrow deficiency of $1,864.02 shall also be secured by the lien against this property. The deficiency shall be paid [within 12 months of the Effective Date].

*Interest.* Interest at the fixed rate of 3.75% per annum shall accrue on the unpaid balance of the allowed secured claim from [the effective date of the Plan] until the allowed secured claim is paid in full.

*Payment Schedule.* For the first ten years, beginning on [the effective date of the Plan], Debtors shall make interest-only monthly payments plus a pro-rata share toward principal each month as set forth in the Plan, yielding a total monthly payment of $368.49. For the following twenty years, Debtors shall make fully amortized monthly payments in the amount of $650.22. All payments shall be applied first to interest, then to principal.

*Tax and Insurance.* Debtors shall pay taxes and pay and maintain insurance directly, unless otherwise agreed post-confirmation.

*Lien.* Until payments are completed under the Plan as to this class, the pre-petition lien for this class shall be retained. Upon payment in full of the payments provided for this class, Debtor shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment.* Debtor will have the right to prepay this secured claim without penalty at any time.

*Cure.* The Plan provides that any default of the Debtors is deemed cured or waived by confirmation of the Plan. Accordingly, the Notice of Trustee's Sale recorded in the Maricopa County Recorder's Office on May 26, 2010 at 2010-0447538 is of no further effect, and was in any event released on December 7, 2011 at 2011-1009780.

## Valuation of Claims and Determination of Plan Treatment

**Class 41.** The claim of BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP, Proof of Claim 27, filed by Jeremy T. Bergstrom, secured by a first position deed of trust on the real property located at 2791 E. Terrace Ave., Gilbert, Arizona, and more fully described as follows:

> Lot 25, BASELINE/TONE, according to Book 453 of Maps, Page 6, and replatted in Book 480 of Maps, Page 28, records of Maricopa County, Arizona.

> APN: 304-08-543,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 17, 2005 at 2005-0328549 and assignment recorded December 27, 2010 at 2010-1123395. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

The Plan leaves unaltered the legal, equitable and contractual rights to which the holders of these claims are entitled.

## Valuation of Claims and Determination of Plan Treatment

**Class 42.** The claim of The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-20CB Mortgage Pass-Through Certificate, Series 2005-20CB (BAC Home Loans Servicing, LP), Proof of Claim 36, filed by Jeremy T. Bergstrom, secured by a position deed of trust on the real property located at 10342 E. El Moro Circle, Mesa, Arizona, and more fully described as follows:

> Lot 319, PARKWOOD RANCH PACEL 4, according to Book 437 of Maps, Page 16, Records of Maricopa County, Arizona.

> APN: 220-71-342,

to the extent allowed as a secured claim. The deed of trust was recorded in the Maricopa County Recorder's Office on March 17, 2005 at 2005-0327977 and assignment recorded December 13, 2010 at 2010-1081206. The confirmed Plan of Reorganization (Doc 61) modifies the claim and lien as follows:

The Plan leaves unaltered the legal, equitable and contractual rights to which the holders of these claims are entitled.